IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BEEDLE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-122-M |
| | ) |
| WILLIAM WILSON, an individual, | ) |
| JIMMY KING, an individual, | ) |
| JACKSON COUNTY MEMORIAL HOSPITAL, | ) |
| County of Jackson, Altus, Oklahoma, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss [docket no. 11], filed February 27, 2006. On March 15, 2006, Plaintiff filed his response. This matter is ripe for adjudication.[1]

I.  Introduction

On February 22, 1999, Defendant Jackson County Memorial Hospital ("JCMH") filed a petition in Oklahoma state court based upon allegedly libelous statements made by Plaintiff. *Jackson County Mem'l Hosp. v. Beedle*, Case No. CJ-99-56. The Oklahoma Supreme Court eventually ordered that JCMH's suit be dismissed because, as a governmental entity, JCMH could not sue for libel.

On June 6, 1999, Plaintiff, proceeding *pro se*, filed suit in this Court alleging violations of

---

[1] Also before the Court is "Plaintiff Beedle's Motion for a 12(b)(6) Hearing" [docket no. 16], filed April 17, 2006. On May 1, 2006, Defendants filed their response. Having carefully reviewed the parties' submissions, the Court finds that no hearing is necessary for its determination of Defendants' currently pending 12(b)(6) motion. Accordingly, the Court finds that said motion should be, and hereby is, DENIED.

his First Amendment rights pursuant to 28 U.S.C. § 1983, as well as various state law claims.[2] *Beedle v. Wilson*, Case No. CIV-99-827-M ("*Beedle 99*").  Plaintiff  alleges in *Beedle 99* that Defendants violated his First Amendment rights by filing and maintaining an "illegal" lawsuit.  On August 22, 2001, the Court granted Defendants' motion to dismiss for failure to state a claim, dismissed Plaintiff's federal claims, and declined to exercise supplemental jurisdiction over the state law claims.  Plaintiff appealed the Court's dismissal of the federal claims but did not challenge the Court's decision not to exercise supplemental jurisdiction over the state law claims.[3]  As to Plaintiff's federal claims, the Tenth Circuit reversed the Court's dismissal of Plaintiff's First Amendment claim and affirmed the Court's ruling in all other respects.[4]

Plaintiff filed the instant action on February 6, 2006, asserting claims of fraud on the court, abuse of process, intentional infliction of emotional distress, and violations of Plaintiff's First and Fourteenth Amendment rights.  Plaintiff asserts that Defendants misinterpreted and misconstrued the law both in state court and before this Court in an attempt to "elongate plaintiff's Section 1983 lawsuit in case number CIV-99-827-M, hoping the plaintiff would tire, weaken, and dismiss his lawsuit."  Plaintiff's Complaint at 10.  Plaintiff further asserts that Defendants knew their arguments were contrary to established law, and that "when the case law cited . . . is off point and in error . . ., and the Federal Court cites them in a dismissal of plaintiffs' [sic] complaint, this is implied fraud on this Federal Court."  Plaintiff's Complaint at 11.  Defendants move to dismiss Plaintiff's

---

[2]There were originally two plaintiffs, Larry Beedle and Peggy Korn.  The Court dismissed Ms. Korn's claims, and on appeal the Tenth Circuit affirmed the Court's dismissal of all of Ms. Korn's claims.

[3]The Tenth Circuit did not disturb the Court's dismissal of Plaintiff's state law claims stating that Plaintiff did not appeal that part of the Court's ruling.

[4]*Beedle 99* is still pending in this Court.

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II.     Standard for Dismissal

Motions to dismiss a complaint for failure to state a claim should be granted "only [when] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  The issue in reviewing the sufficiency of Plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The Court must assume as true all well pleaded facts in Plaintiff's complaint and view them in a light most favorable to the nonmoving party. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiff. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993).  However, the Court need not accept as true Plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

A.      Fraud on the Court Claim

"Fraud on the court . . . is fraud which is directed to the judicial machinery itself." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).  That is "fraud . . . where the impartial functions of the court have been directly corrupted." *Buck*, 281 F.3d at 1342.  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to

the matter before it, will not ordinarily rise to the level of fraud on the court." *Id*. "Moreover, 'fraud on the court,' whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing–what can properly be characterized as a deliberate scheme to defraud–before relief from a final judgment is appropriate." *Id*.

The relief available for fraud on the court is relief from a judgment or order of the court. *See Haxel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944). As such, a fundamental element is the identification of an adverse judgment or order which the claimant alleges should be set aside. In this case, Plaintiff has not directed the Court's attention to any judgment or order from which he seeks relief. Accordingly, the Court finds that Plaintiff's claim of fraud on the court fails on this basis.

Additionally, Plaintiff's primary allegation of fraud on the court is that Defendants urged an argument in *Beedle 99* that they knew was without merit. The Court finds that Plaintiff's allegations are conclusory in nature and lack the specific and essential allegation of intent. Particularly, Plaintiff has not alleged that Defendants possessed the specific intent to deceive or defraud the court, and "when there is no intent to deceive, the fact that misrepresentations were made to a court is not itself a sufficient basis for setting aside a judgment [or order] under the guise of 'fraud on the court'." *Buck*, 281 F.3d at 1342.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiff has not sufficiently alleged a claim of fraud on the court, and that, therefore, Plaintiff's claim of fraud on the court should be dismissed.

B.  Remaining Claims

As for Plaintiff's remaining claims, the Court finds that they are identical to, and arise from the same wrong as, the claims Plaintiff asserted in *Beedle 99*.  Specifically, both in *Beedle 99* and in the instant action Plaintiff's claims center on Defendant's alleged misinterpretation and misrepresentation of the law in filing and maintaining an "illegal" lawsuit for libel against Plaintiff.  For example, in the instant action Plaintiff asserts that Defendants "misrepresented the intent and meaning of case law."  Plaintiff's Complaint at 10.  Plaintiff further asserts that "[a]rgument that JCMH was a special governmental entity, and using legal authority to prove this point, is an argument that is contrary to established law."  In *Beedle 99*, Plaintiff asserts that Defendants violated his rights by "the filing and maintaining of a barred and illegal defamation lawsuit."  *Beedle 99* Second Amended Complaint at 3.  Plaintiff further asserts "these Defendants knew case number CJ-99-56 was barred, because these Defendants began to change the definition of political subdivision to give the Defendants an excuse for their illegal actions" *Beedle 99* Second Amended Complaint at 6.

Accordingly, the Court finds that Plaintiff's remaining claims are barred by the rule against claim splitting, which "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 1208, 1224 (D. Kan. 2000) (citing *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 282 (D. Kan. 1988)); *see also United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) ("a party seeking to enforce a claim legally or equitably must present to the court, either in pleading or in proof, or both, all the grounds upon which he expects a judgment in his favor.  He is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the

grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail[s].  There would be no end to litigation if such a practice were permissible.").

Further,  a plaintiff has "no right to maintain two identical claims in the same court against the same defendants."  *Oxbow Energy, Inc.*, 686 F. Supp. at 281 (citing *Walton v. Eaton* Corp., 563 F.2d 66 (3d Cir. 1977); *Haytian Republic*, 154 U.S. at 123-24).  "[T]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had."  *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947), *quoted in Oxbow Energy, Inc.*, 686 F. Supp. at 281.[5]

Having carefully reviewed the parties' submissions, the Court finds that permitting Plaintiff to pursue his remaining claims in the instant action would frustrate the policies underlying the rule against splitting causes of action and that, as such, Plaintiff's remaining claims should be dismissed.

IV.     Conclusion

For the reasons set forth in detail above, the Court hereby GRANTS Defendants' motion to dismiss [docket no. 11] and DISMISSES the instant action.

**IT IS SO ORDERED this 14th day of June, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5]The Court would note that to the extent Plaintiff's remaining claims are not identical to those asserted in *Beedle 99*, the fact that they arise from the same wrong requires that they be brought as part of the same action.  *Oxbow Energy, Inc.*, 686 F. Supp. at 282.